UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARTHUR C. CASTRO, | ) | 1:06-CV-0805 LJO JMD (HC) |
| | ) | |
| Petitioner, | ) | ORDER VACATING THE SEPTEMBER 3, |
| | ) | 2008 ORDER ADOPTING FINDINGS AND |
| | ) | RECOMMENDATION |
| | ) | [Doc. #19] |
| v. | ) | |
| | ) | ORDER ADOPTING FINDINGS AND |
| | ) | RECOMMENDATION |
| | ) | [Doc. #18] |
| JAMES YATES, Warden, | ) | |
| | ) | ORDER DENYING PETITION FOR WRIT |
| Respondent. | ) | OF HABEAS CORPUS |
| | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO ENTER JUDGMENT |
| | ) | |
| | ) | ORDER DECLINING TO ISSUE |
| | ) | CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On July 30, 2008, the Magistrate Judge issued a Findings and Recommendation that recommended the petition be DENIED with prejudice. The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment. The Findings and Recommendation was

1  served on all parties and contained notice that any objections were to be filed within thirty (30) days
2  of the date of service of the order.  On September 3, 2008, the Court issued an order adopting the
3  Findings and Recommendation, noting that no objections had been filed within the time period
4  allowed.  Petitioner did, however, serve timely objections on September 2, which the Court had not
5  yet received when it issued the order adopting the Findings and Recommendation.  See Huizar v.
6  Carey, 273 F.3d 1220, 1222 (9th Cir. 2001) (recognizing that a prisoner's document is deemed filed
7  when he hands it over to prison authorities).  Accordingly, the Court will vacate the September 3,
8  2008 order adopting the Findings and Recommendation and consider Petitioner's objections.

9　　　　In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de
10 novo* review of the case.  Having carefully reviewed the entire file, including the objections filed on
11 September 2, 2008, the Court concludes that the Magistrate Judge's Findings and Recommendation
12 is supported by the record and proper analysis, and there is no need to modify the Findings and
13 Recommendation based on the points raised in the objections.

14　　　　A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a
15 district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-
16 El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  The controlling statute in determining whether to issue
17 a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

  (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that:

1. The September 3, 2008 order adopting the Findings and Recommendation is VACATED;

2. The Findings and Recommendation issued July 30, 2008, is ADOPTED IN FULL;

3. The Petition for Writ of Habeas Corpus is DENIED with prejudice;

4. The Clerk of Court is DIRECTED to enter judgment; and

5. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:   September 8, 2008**           /s/ Lawrence J. O'Neill
                UNITED STATES DISTRICT JUDGE